UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LADO LOMATAYO,<br><br>Plaintiff,<br><br>vs.<br><br>KIMORA R. CROSS; STATE OF SOUTH DAKOTA, UNION COUNTY,<br><br>Defendants. | 4:26-CV-04042-ECS<br><br>OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING PLAINTIFF'S PENDING MOTIONS |

Plaintiff Christopher Lado Lomatayo filed a pro se lawsuit related to the prosecution of his state criminal case. Doc. 1. Defendant Kimora R. Cross moves to dismiss Lomatayo's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docs. 7, 7-1. State of South Dakota, Union County (Union County) moves to dismiss Lomatayo's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Docs. 10, 11. Lomatayo has also filed several motions that are pending before this Court. See Docs. 14, 17, 18, 22, 24, 26, 27.

## I. Factual Background

### A. Factual Standard

When a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, he or she may make either a facial or factual challenge to jurisdiction. Middlebrooks v. United States, 8 F. Supp. 3d 1169, 1173 (D.S.D. 2014). A facial challenge to jurisdiction only requires "the court to examine the complaint and determine if the

plaintiff has sufficiently alleged a basis for subject matter jurisdiction." Id. (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 731–32 (11th Cir. 1982)). Here, the Court views Defendants' motions as raising facial challenges under Rule 12(b)(1). See Docs. 7, 7-1, 10, 11. Accordingly, this Court accepts Lomatayo's factual allegations as true for the current motions to dismiss.

**B. Facts as Alleged by Lomatayo**

On August 25, 2025, a state criminal case was filed against Lomatayo in Union County, South Dakota. Doc. 1-1 at 17. He was charged with counts of driving under the influence, failure to maintain financial responsibility, and careless driving. Id. Union County Chief Deputy State's Attorney Kimora Cross represented the state in his case. Id. at 1, 16; see also Doc. 1 at 3. During a hearing on January 8, 2026, Lomatayo informed the state court of his availability for the next court hearing because he was scheduled to be outside of the United States from February 5, 2026, to February 17, 2026. Doc. 1 at 1; Doc. 1-1 at 9:10–18. The court scheduled the hearing for February 19, 2026, and instructed Lomatayo to inform the court if the hearing would potentially need to be rescheduled based on delays in flights. Doc. 1 at 1; Doc. 1-1 at 9:19–23.

While Lomatayo was out of the country, he got married. Doc. 1 at 1. Lomatayo's mother-in-law passed away two days after the wedding. Id. On February 17, 2026, at 7:20 p.m., Lomatayo sent an email to Cross informing her that he had an emergency situation in Tanzania, Africa, due to the death of his mother-in-law. Id.; Doc. 1-1 at 15. On February 18, 2026, at 2:00

p.m., Lomatayo called the Elk Point Clerk of Courts and asked that they inform the court that he could not be in court on February 19 based on a change in circumstances that required him to be overseas. Doc. 1 at 1. The court issued a bench warrant based on Lomatayo's failure to appear at the February 19 hearing. Id.; Doc. 1-1 at 17.

Lomatayo alleges that Cross lied and ignored a judge. Doc. 1 at 3 (citing Doc. 1-1). He also alleges that she willfully caused him harm because she stated that he failed to attend a jury trial despite an email stipulating that the trial date was April 2, 2026. Id.; see also Doc. 1-1 at 16. He claims that Cross "[p]ublished a 'Bench Warrant' for [his] arrest, ignoring [his] email of reporting [his] 'Family emergency' by the death of [his] mother-in-law in Tanzania-- thereby changing [his] scheduled flight." Doc. 1 at 3; see also Doc. 1-1 at 18–26 (containing information related to Plaintiff's travel). Lomatayo claims that "[d]espite reaching-out, this Defendant thinks [his] excuse is not reasonable enough--but to warrant [his] arrest for 'Failure to Appear' despite the call and email." Doc. 1 at 1. Lomatayo also alleges that "[b]ecause of our different '[r]ace' and '[g]ender' [Cross] feels [s]he is better than [him]." Id. at 3.

Lomatayo requests that this Court enter an order to (1) "[r]ecall and [q]uash the 'Bench Warrant' immediately," (2) "[s]ummon Defendant to Answer the Complaint," (3) require Cross to "Cease and Desist from continuing the matter," and (4) dismiss his "matter." Id. He also requests $1,500,000 "[b]ecause the Defendants have defamed Plaintiff's goal and ambitions in life; and has intentionally destroyed [his] future, by publishing the 'Bench Warrant' which is assassinating [his] character." Id. at 4.

## II. Motions to Quash

Lomatayo moves to quash all of Defendants' filings because he believes that Defendants have not complied with District of South Dakota Civil Local Rule 5.1(D)[1] by using electronic signatures containing "/s/". Docs. 22, 23, 24, 25. Local Rule 5.1(D) states:

> Documents requiring signatures of more than one party may be electronically filed either by (a) submitting a scanned document containing all necessary signatures; or (b) in any other manner approved by the court. When filing documents that require signatures from other parties, it is not permissible to insert a "/s/" for another person's signature.

But Rule 5.1(D) is inapplicable because all of Defendants' filings the Court has received so far have not required the signature of more than one party. Accordingly, Lomatayo's Motions to Quash All of Defendants' Submittals, Docs. 22 and 24, are denied.

## III. Motions to Dismiss Pursuant to Rule 12(b)(1)

Because "[f]ederal courts are courts of limited jurisdiction," Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375, 377 (1994), this Court begins with Defendants' arguments that this Court lacks jurisdiction to hear Lomatayo's case. Cross and Union County both move to dismiss Lomatayo's Complaint pursuant to Federal Rule Procedure 12(b)(1) arguing that Lomatayo's claims arise solely under state law and that this Court does not have diversity jurisdiction to hear the state-law claims. Doc. 7-1 at 2–4; Doc. 11 at 2–3.

"The party seeking to invoke federal jurisdiction . . . carries the burden, which may not be shifted to another party." Jones v. United States, 727 F.3d 844, 846 (8th Cir. 2013) (citation omitted). Original jurisdiction can arise under federal question or diversity of citizenship jurisdiction. 28 U.S.C. §§ 1331–1332. Federal question jurisdiction applies to "all civil actions

---

[1] Lomatayo also refers to District of South Dakota Criminal Local Rule 49.1(D), which imposes a similar requirement in criminal cases proceeding in this district. Doc. 23 at 1; Doc. 25 at 1. But this Court's Criminal Local Rules apply solely to criminal proceedings. D.S.D. Crim. LR 1.1(B).

arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under diversity jurisdiction, federal courts have original jurisdiction of all civil actions between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); see also OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

**A. Federal Question Jurisdiction**

Defendants argue that this Court does not have federal question jurisdiction because Lomatayo's claims arise under state law. Doc. 7-1 at 3–4; Doc. 11 at 2–3. Lomatayo's Complaint alleges claims of fraud, defamation,[2] and malice. Doc. 1 at 3. Defendants argue that these claims arise under state law. Doc. 7-1 at 3–4; Doc. 11 at 3. Fraud is a common law tort claim arising under state law. See Temple v. Langdeau, CIV. 21-5036-JLV, 2021 WL 2662295, at *2 (D.S.D. June 29, 2021). Defamation is actionable under state law in South Dakota, not under 42 U.S.C. § 1983. See Black Bear v. Lingren, No. 5:23-CV-05049-RAL, 2024 WL 1299079, at *12 (D.S.D. Mar. 27, 2024) (collecting cases). Cross argues that malice is not a recognized claim in state or federal court. Doc. 7-1 at 3. This Court is not aware of any authority recognizing malice as a standalone claim, and Lomatayo has not cited any authority showing as such.[3] See generally Docs. 14, 15. Accordingly, none of the claims directly noted in Lomatayo's Complaint confer federal question jurisdiction.

---

[2] Lomatayo alleges defamation of character, slander, and libel. Doc.1 at 3. Under South Dakota law, "[d]efamation includes both libel and slander." Ngam v. Kludt, No. 1:24CV-01025-ECS, 2025 WL 2636587, at *7 (D.S.D. Sept. 12, 2025) (quoting Schwaiger v. Avera Queen of Peace Health Servs., 714 N.W.2d 874, 878 (S.D. 2006)).

[3] Lomatayo titled his responses to Defendants' motions to dismiss as affidavits, but the responses are not notarized nor signed under penalty of perjury. See Docs. 13, 15, 16, 19; see also Doc. 20 at 1–2; Doc. 21 at 1. Accordingly, this Court considers these as responsive briefs, not affidavits, and this Court does not convert the motions to dismiss into motions for summary judgment.

Lomatayo argues that Defendants erred in refusing to admit his civil cover sheet. Doc. 13 ¶ 14; Doc. 15 ¶ 16; Doc. 16 ¶ 28. This Court acknowledges that on the civil cover sheet to his Complaint in the box for "Cite the U.S. Civil Statute under which you are filing," Lomatayo wrote "Violation of Plaintiff's Fourth and 14th Amendments Rights." Doc. 1 at 6. But the civil cover sheet is not part of a complaint. See id. ("The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law."); see also LaDeaux v. JL Prop. Mgmt., No. 4:23-CV-04084-KES, 2023 WL 6845118, at *2 (D.S.D. Oct. 17, 2023). Courts must liberally construe pro se filings. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted). The Eighth Circuit has interpreted "liberally construe" to mean in this context that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).

Even liberally construing Lomatayo's Complaint, this Court does not identify any essence of an allegation that Cross or Union County caused a violation of Lomatayo's Fourth or Fourteenth Amendment rights. See generally Doc. 1. For there to be a Fourth or Fourteenth Amendment claim pursuant to 42 U.S.C. § 1983, Lomatayo must have suffered a constitutional violation. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) ("To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." (citation omitted)). Lomatayo's Complaint merely alleges that Defendants were somehow involved with a bench warrant being issued against him; he has not alleged in the Complaint that any of his constitutional rights were violated because of

Defendants' conduct.[4] Accordingly, this Court does not have federal question jurisdiction over Lomatayo's Complaint.

**B. Diversity of Citizenship**

Under 28 U.S.C. § 1332, federal courts have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); see also OnePoint Sols., LLC, 486 F.3d at 346. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Sols., LLC, 486 F.3d at 346 (citation omitted). Lomatayo's Complaint lists his address as in Sioux Falls, South Dakota, and he sues a county in South Dakota and Cross.[5] Doc. 1 at 2; see also Doc. 13 ¶¶ 1–3; Doc. 15 ¶¶ 1–3; Doc. 16 ¶¶ 1–3. Accordingly, Defendants are correct that Lomatayo has failed to establish complete diversity of citizenship. Doc. 7-1 at 4; Doc. 11 at 2–3. Thus, this Court lacks diversity of citizenship jurisdiction.

**C. Conclusion on Motions to Dismiss**

For the reasons stated above, this Court grants Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Docs. 7, 10. Because it is appropriate for this Court to grant Defendants' Motions to Dismiss, Plaintiffs' Motions to Deny Defendants' Motions to

---

[4] This Court finds that the ends of justice do not encourage granting Lomatayo leave to amend his Complaint to add facts about his later arrest, see Doc. 26 ¶ 1; Doc. 27 ¶ 1; Doc. 28 ¶ 1; Doc. 29 ¶ 1, because such an amendment would be futile. See Gomez v. Elk Point Union Cnty., No. 4:24-CV-04216-LLP, 2025 WL 775832, at *6–8 (D.S.D. Mar. 11, 2025) (applying prosecutorial immunity, addressing that state judges are employees of the state, and explaining how liability under § 1983 may be imposed against a county).

[5] Although the civil cover sheet is not part of the Complaint, Lomatayo's civil cover sheet also indicates that all parties are citizens of South Dakota. Doc. 1 at 6.

Dismiss, Docs. 14 and 18, are denied. Further, Lomatayo's Motion for Partial Summary Judgment, Doc. 17, is also denied because all his claims have been dismissed.[6]

## IV. Motions for Order to Show Cause

Lomatayo filed Motions to Show Cause of Violations under 42 U.S.C. § 1983. Docs. 26, 27. Because all of Lomatayo's claims against Defendants have been dismissed, his motions to show cause are moot. Accordingly, Lomatayo's Motions to Show Cause of Violations under 42 U.S.C. § 1983, Docs. 26 and 27, are denied as moot.

## V. Conclusion

Accordingly, it is

ORDERED that Lomatayo's Motions to Quash All of Defendants' Submittals, Docs. 22 and 24, are denied. It is further

ORDERED that Defendants' Motions to Dismiss, Docs. 7 and 10, are granted pursuant to Federal Rule of Civil Procedure 12(b)(1), and Lomatayo's claims are dismissed without prejudice. It is further

ORDERED that Plaintiffs' Motions to Deny Defendants' Motions to Dismiss, Docs. 14 and 18, are denied. It is further

ORDERED that Lomatayo's Motion for Partial Summary Judgment, Doc. 17, is also denied. It is finally

---

[6] Because this Court grants Defendants' Motions to Dismiss based on Rule 12(b)(1), this Court does not consider Defendants' arguments to dismiss based on other Federal Rules of Civil Procedure.

ORDERED that Lomatayo's Motions to Show Cause of Violations under 42 U.S.C. § 1983, Docs. 26 and 27, are denied as moot.

DATED this 7th day of October, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE